## WHISMAN, Plaintiff-Appellant v. WILLIS, Defendant-Appellee.

Ohio Appeals, Second District, Preble County.

No. 113.   Decided January 4, 1945.

Clinton D. Boyd, Middletown, for Plaintiff-Appellant.
Kiracofe & Clark, Eaton, for Defendant-Appellee.

NICHOLS, J., of the Seventh Appellate District, sitting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment for the defendant entered upon a directed verdict. There are six errors assigned but one is determinative of the appeal, namely, that the court abused its discretion in directing the verdict under the procedural facts appearing.

The action was for money claimed to be due plaintiff as real estate commission under contract for property listed with plaintiff, owned by the defendant and which he had sold. The cause of action was in form upon an account. Issue was drawn and cause tried to a jury. At the conclusion of the plaintiff's case in chief, defendant moved for a directed verdict for the reason that "no evidence had been offered tending to show any right in the plaintiff to recover commission for the sale of the real estate", "the evidence does not show he is a licensed real estate broker" and no evidence to show "consideration to support the contract". There is no basis for the last part of the motion.

When the motion was submitted, the petition did not allege that when plaintiff's cause of action arose he was a licensed real estate broker under the laws of the State of Ohio nor was there any proof of such fact.

The Court in considering the question first stated that, as there was no averment and no proof of an essential fact the motion was well taken, but, also, noted that plaintiff had "indicated a desire to have the opportunity of introducing evidence establishing the fact, if it be a fact, that his plaintiff was a licensed broker and if that would remedy the situation privilege to so open his case". The Court then noted that there was no allegation in the petition that plaintiff was a licensed real estate broker and observed that he did not

think it proper to permit an amendment to the petition at that time. The Court was of opinion that both leave to offer testimony and leave to amend the petition should not be granted.

The question is; did the trial judge upon the record, abuse his discretion in refusing to permit the plaintiff to offer further testimony and then to amend the petition to conform to the testimony, if it established that his client was a licensed real estate broker under the laws of the State of Ohio. In the situation thus presented, it must be conceded that the Court had wide discretion.

It should be noted that there is no proffer of proof in the record which would establish that plaintiff was a licensed real estate broker when his cause of action arose, nor is there specific assertion that the proof would establish the plaintiff to have been a licensed real estate broker. The request was to take testimony to develop whether or not plaintiff was a licensed broker. Nor was any amendment in writing tendered nor, in fact, any form of amendment specifically suggested.

The record does not exemplify the question sought to be raised in such explicit form as to require this Court to hold that the trial judge abused his discretion in sustaining the motion to direct the verdict.

In **Smith v Rhodes, 68 Oh St 506,** Judge Price says:

"Counsel informed the trial court that they desired to so amend the answers as to make the excluded evidence competent; but no amended answer was tendered to the court to act upon, for we find none in the record. Stating what was desired as an amendment was not sufficient."

Counsel for appellant cites **Gas Co. v Ironton, 107 Oh St 179** and **Kauffman v Schuerer, 121 Oh St 478, 483.** The former case is of no assistance and in the latter cited case the error found by the Supreme Court was in the refusal of the trial judge to permit the amendment of a petition to conform to the proof. Here the record shows neither the essential proof to entitle plaintiff to recover nor any tender of appropriate amendment to the petition to support the reception of the proof.

The judgment will be affirmed.

GEIGER, J., and NICHOLS, J., concur.